**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| **DAVENÉ WALKER,**<br>**8403 Colesville Rd., Suite 1000**<br>**Silver Spring, MD 20910**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TODD BLANCHE (official capacity)**<br>Attorney General<br>U.S. Department of Justice<br>**950 Pennsylvania Ave. NW**<br>**Washington, DC 20530-0001**<br><br>and<br><br>**U.S. DEPARTMENT OF JUSTICE**<br>**950 Pennsylvania Ave. NW**<br>**Washington, DC 20530-0001**<br><br>**Defendants.** | **CIVIL ACTION NO. __________________** |

**COMPLAINT FOR DECLARATORY AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff, Davené Walker ("Plaintiff"), by and through her undersigned attorneys, files this Complaint for declaratory, injunctive, and monetary relief against her former employer, the Department of Justice (hereinafter, "DOJ" or "the Agency") and Attorney General Todd Blanche in his official capacity (collectively, "Defendants"), to seek redress for Defendants' violations of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. §§ 2000e, *et seq*., the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 633a, and the First Amendment of the United States Constitution.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this case arises under the Constitution and the laws of the United States. Jurisdiction is also proper under 42 U.S.C. § 2000e-5(f)(3), which applies pursuant to 42 U.S.C. § 2000e-16(d). The Court has authority to provide relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Mandamus Statute, 28 U.S.C. § 1361.

2. Venue is proper pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3). That is so because, among other things, but for the discriminatory practices, Plaintiff would have worked in Hyattsville, MD, within the District of Maryland's Southern Division. Venue is also proper under 28 U.S.C. § 1391(e)(1) because a substantial part of the events or omissions giving rise to the claim occurred in Hyattsville, Prince Georges County, MD, within the Southern Division of the District of Maryland.

## PARTIES

3. Plaintiff is an adult resident and citizen of the State of Virginia.

4. Defendant Todd Blanche is the Attorney General, the head of the Department of Justice. Defendant Blanche is sued in his official capacity.

5. Defendant United States Department of Justice is the agency that formerly employed Plaintiff.

## STATEMENT OF FACTS

### Exhaustion of Administrative Remedies

6. On October 18, 2025, Plaintiff contacted the Defendant DOJ EOIR's Equal Employment Opportunity ("EEO") Office and initiated informal counseling on her Title VII and ADEA claims.

7. On February 6, 2026, Plaintiff filed a Formal Complaint of Discrimination with Defendants' EEO Office raising her Title VII and ADEA claims. In accordance with 42 U.S.C. § 2000e-16 and 29 C.F.R. § 1614.106(b), Plaintiff filed that Complaint following completion of informal counseling and within fifteen (15) days of Plaintiff's final interview and receipt of notification from her EEO counselor of her right to file a formal complaint.

8. On May 29, 2026, Defendants issued a Final Agency Decision under 29 C.F.R. § 1614.110 dismissing the Complaint for failing to state a claim.

9. According to the Final Agency Decision, Defendants' failure to convert Plaintiff's Immigration Judge position from a probationary to a permanent position and their termination of her employment:

> w[ere] a lawful exercise of the Attorney General's authority under Article II of the Constitution. Article II of the Constitution allows the President and heads of departments exercising his power to remove inferior officers without cause, subject to only narrow exceptions that do not apply to your former position. No statute provides otherwise, and even if it did, the statute would run afoul of Article II.

10. Plaintiff filed the instant action within 90 days of receipt of the Agency's final action pursuant to 29 C.F.R. § 1614.407(a) and 42 U.S.C. § 2000e-16(c).

**Facts Giving Rise to Relief**

11. Plaintiff is an African American woman.

12. Plaintiff was born in 1980.

13. Plaintiff was appointed to serve as an Immigration Judge with DOJ's Executive Office of Immigration Review ("EOIR") Hyattsville Immigration Court on September 24, 2023.

14. Pursuant to DOJ policy and practice, upon appointment, Immigration Judges serve a two-year probationary period after which their appointments are routinely converted to permanent positions.

15. Plaintiff received satisfactory assessments—the highest possible rating—in her probationary period reports for FY2024 and FY2025.

16. At no time during her service as an Immigration Judge did the Agency ever issue Plaintiff any form of discipline.

17. Starting on January 20, 2025, four women in permanent leadership positions within EOIR were terminated in close succession without stated cause. This included then-Chief Immigration Judge Sheila McNulty.

18. On or about February 14, 2025, several female Assistant Chief Immigration Judges (ACIJs) were terminated, including Judge Megan Jackler, Judge Rebecca Walters, Judge Noelle Sharp, Judge Megan Herndon, and Judge Rhana Ishimoto.

19. In or around February 2025, Defendants began issuing numerous memoranda announcing the end to Diversity, Equity, and Inclusion ("DEI") efforts.

20. The first memorandum, issued by then-Attorney General Pamela Bondi in February 2025, promised to "penalize illegal DEI and DEIA preferences," particularly based on sex and race.

21. Other memoranda, issued by then-Acting Director Owen in February and March 2025, criticized the appointment practices of the prior administration, particularly Immigration Judges serving temporary appointments. The memoranda noted that the Agency had reviewed the hiring materials of any Immigration Judge hired under it and alleged that persons of "certain backgrounds" were given favorable treatment over others. One memorandum concluded EOIR was "committed to rectifying those harms."

22. Together, the memoranda laid bare management's hostility to hiring women, ethnic minorities, and others who may be considered "DEI" hires.

23. Coinciding with these memoranda, EOIR terminated a disproportionate number of Immigration Judges who were women, people, of color, ethnic minorities, and persons associated therewith.

24. On September 19, 2025, Plaintiff received notice that the Attorney General decided not to convert her appointment into a permanent position. Her termination was effected on September 23, 2025. DOJ's dismissal letter stated: "Pursuant to Article II of the Constitution, the Attorney General has decided not to extend your term or convert it to a permanent appointment."

25. Upon information and belief, the Immigration Judges not converted and/or terminated in and around the same time as Plaintiff were overwhelmingly female, including Lucy Billings of the New York – Varick Immigration Court, Carmen Maria Rey Caldas of the New York - Federal Plaza Immigration Court, Chloe Dillon of the San Francisco Immigration Court, Jenna Peyton of the Chicago Immigration Court, Elaine Cintron of the Aurora Immigration Court, Jennifer Durkin of the New York - Varick Immigration Court, Kyra Lilien of the Concord Immigration Court, Nicole Lomartire of the Annandale Immigration Court, Jane Miller of the Indianapolis Immigration Court, Jody Barilla of the Chicago Immigration Court, Zahra Jivani Fenelon of the Houston Immigration Court, Ila Deiss of the San Francisco Immigration Court, Jami Vigil of the San Francisco Immigration Court, Vicenta Banuelos Rodriguez of the Imperial Immigration Court, Elisa Brasil of the San Francisco Immigration Court, Zahra Jivani Fenelon of the Houston Immigration Court, Tania Nemer of the Cleveland Immigration Court, Irma Pérez of the West Los Angeles Immigration Court, Sarah Tores of the Concord Immigration Court; Lisa Calero of the Concord Immigration Court; Stephanie Tobosa-Smit of the Concord Immigration Court; Shira Levine of the San Francisco Immigration Court; Amber George of the San

Francisco Immigration Court; Arwen Swink of the San Francisco Immigration Court; Shuting Chen of the San Francisco Immigration Court; Roberta Wilson of the Concord Immigration Court, Wendy Wedderburn of the New York – Varick Immigration Court, and Karen McDowell of the Concord Immigration Court.

26. Of the six female Immigration Judges in Plaintiff's September 2023 Immigration Judge class who were assigned to Immigration Courts in the Washington metropolitan area, five, including Plaintiff, were terminated/not converted to permanent Immigration Judges. The four other women Defendants did not convert to permanent Immigration Judges in and around the same time as Plaintiff were Elizabeth Kohler Maya of the Baltimore Immigration Court, Sondra J. Miller-Wein of the Hyattsville Immigration Court, Jamie B. Perry of the Annandale Immigration Court, and Anam Rahman Petit of the Annandale Immigration Court.

27. Prior to becoming an Immigration Judge, between 2015 and 2023, Plaintiff worked for Defendant DOJ's Energy and Natural Resources Division (ENRD) as a Senior Trial Attorney for the Natural Resources Section.

28. In 2022, Plaintiff served as the speaker for EOIR's Black History Month.

29. Plaintiff belonged to Defendant DOJ's Association of Black Attorneys (DOJABA) from 2022 to 2025. Plaintiff served as DOJABA's Chair from 2022 to 2023, during which DOJABA held its inaugural conference. Plaintiff served on the Executive Counsel from 2024 to 2025.

30. Several judges who Defendants did not convert to permanent Immigration Judges in around the same time as Plaintiff were African American, including Roberta Wilson of the Concord Immigration Court, Wendy Wedderburn of the New York – Varick Immigration Court, and Karen McDowell of the Concord Immigration Court. Upon information and belief, Plaintiff,

Judge Wilson and Judge Wedderburn were the only African American Judges in the September 2023 Immigration Judge class.

31. Around the time of Plaintiff's termination, white male judges with similar performance metrics were converted to permanent positions and/or retained, including Concord Immigration Court Judges Justin Price, Jacob Stender, Jeremy Butler, Colin Eichenberger, and Stephen F. Keane.

32. At least one white male Immigration Judge was hired to serve the Hyattsville Immigration Court after Plaintiff's non-conversion and termination, former EOIR Acting Deputy Director Roman Chaban. Upon information and belief, Chaban had no experience practicing or adjudicating immigration law prior to his appointment and was assigned to take over Plaintiff's chambers.

33. Defendants also hired temporary Immigration Judge Gurney F. Pearsall III to serve the Hyattsville Immigration Court after Plaintiff's non-conversion and termination. Upon information and belief, Pearsall is had no experience practicing or adjudicating immigration law prior to his appointment.

34. White female judge Heather Libeu of the Santa Ana Immigration Court was converted to a permanent position in or around the time of Plaintiff's non-conversion.

35. White female judge Kathleen Byrne of the Hyattsville Immigration Court was appointed in or around June 2026.

36. Plaintiff is and has been above the age of 40 at all times relevant to this complaint.

37. Upon information and belief, the majority of the Immigration Judges and Appellate Immigration Judges who Defendants did not convert to permanent positions and/or

terminated in and around the same time as Plaintiff are over the age of 40, including (1) those in senior leadership positions, such as Sheila McNulty, Mary Cheng, Rebecca Walters, Rhana Ishimoto, Megan Herndon, Megan Jackler, and Noelle Sharp; (2) Board of Immigration Appeals Judges, including Katherine Clark and Andrea Saenz; and (3) Immigration Judges, including Vicenta Banuelos Rodriguez of the Imperial Immigration Court, Elisa Brasil of the San Francisco Immigration Court, Lucy Billings of the New York – Varick Street Immigration Court, Roger Dinh of the San Francisco Immigration Court, Jami Vigil of the San Francisco Immigration Court, Jenna Peyton of the Chicago Immigration Court, Elaine Cintron of the Aurora Immigration Court, Jennifer Durkin of the New York - Varick Immigration Court, Kyra Lilien of the Concord Immigration Court, Nicole Lomartire of the Annandale Immigration Court, Jane Miller of the Indianapolis Immigration Court, Jody Barilla of the Chicago Immigration Court, Zahra Jivani Fenelon of the Houston Immigration Court, Irma Pérez of the West Los Angeles Immigration Court, Ila Deiss of the San Francisco Immigration Court, Chloe Dillon of the San Francisco Immigration Court, Carmen Maria Rey Caldas of the New York - Federal Plaza Immigration Court, George Najjar of the San Diego Immigration Court, George Pappas of the Boston Immigration Court, Adrian Paredes Velasco of the El Paso Immigration Court, and Saundra Miller-Wein of the Hyattsville Immigration Court.

38. Upon information and belief, June Lee of the Hyattsville Immigration Court, who was converted to a permanent position around the time of Plaintiff's non-conversion and termination, is younger than Plaintiff.

39. In 2024, Plaintiff made a financial contribution to the Presidential campaign for Democratic candidate, then Vice-President of the United States, Kamala Harris.

40. Upon information and belief, Defendants were aware of Plaintiff's political affiliations prior to her termination date, because her political donation—made during her tenure as an Immigration Judge—is a matter of public record.

41. Upon information and belief, numerous Immigration Judges and Appellate Immigration Judges who were not converted to permanent positions and/or who were terminated were also affiliated with the Democratic Party.

42. Defendant's decision to terminate Plaintiff was motivated in whole or in part by her sex (female), race (African American), age (over 40), and political affiliation.

## COUNT I

### Discrimination in Violation of Title VII of the Civil Rights Act of 1964

43. Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-42 of this Complaint.

44. Plaintiff was not hired to a permanent position because of her sex and race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.

45. Defendants never provided a legitimate, non-pretextual justification for Plaintiff's removal.

46. As a direct and proximate result of the unlawful acts of Defendant, Plaintiff suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation and mental distress.

## COUNT II

### Discrimination in Violation of the Age Discrimination in Employment Act

47. Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-42 of this Complaint.

48. At all times material to this complaint, Plaintiff was over 40 years old. She thus was a member of the class of persons protected by the ADEA's prohibition on discrimination on the basis of age.

49. Plaintiff was not converted to a permanent position by Defendants because of her age.

50. Defendants never provided a legitimate, non-pretextual justification for Plaintiff's removal.

51. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation and mental distress.

## COUNT III

### Discrimination in Violation of the First Amendment of the United States Constitution

52. Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-42 of this Complaint.

53. Plaintiff was terminated because of her past association with a political candidate whose ideologies were contrary to Defendants' in violation of the First Amendment of the U.S. Constitution.

54. Defendants never provided a legitimate, non-pretextual justification for Plaintiff's removal.

## COUNT IV

### Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202

55. Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-42 of this Complaint.

56. Plaintiff is entitled to declaratory relief on the basis of all claims identified. There is a substantial ongoing controversy between Plaintiff and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that Defendants did not have authority to remove Plaintiff on the basis of sex, race, age, or political affiliation.

## COUNT V

### Mandamus

57. Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-42 of this Complaint.

58. In the alternative, Plaintiff is entitled to mandamus or relief in the nature of mandamus commanding Defendants to return her to her office.

59. Title VII, the Age Discrimination in Employment Act, and the First Amendment impose a ministerial duty on all Defendants not to discriminate on the basis of sex, race, age, prior association, and/or perceived political affiliation. Plaintiff is entitled to a mandamus returning her to her office. Absent this Court granting one of the counts identified above, there is no other adequate means of redress.

* * *

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

1. Enter judgment on Plaintiff's behalf against Defendant;

2. Award Plaintiff compensatory damages, and other damages;

3. Reinstate Plaintiff to the position held prior to her unlawful terminations or other equivalent position;

4. Award Plaintiff all lost pay;

5. Award Plaintiff her court costs, expenses, attorneys' fees, and interest.

6. Declare that Defendant's conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, and the First Amendment of the U.S. Constitution;

7. In the alternative, issue a mandamus; and

8. Grant such other relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff demands a jury trial as to all issues so triable.

**Silver Spring, Maryland**

Dated: August 13, 2026

By:

Kevin L. Owen

Kevin L. Owen
MD Bar No. 16693
Gilbert Employment Law, PC.
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
301-608-0880 Telephone
301-608-0881 Facsimile
kowen-efile@gelawyer.com

Geoffrey Simpson

Geoffrey H. Simpson
MD Bar No. 18868
Gilbert Employment Law, PC.
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
301-608-0880 Telephone
301-608-0881 Facsimile
gsimpson-efile@gelawyer.com

Gary M. Gilbert
MD Bar No. 15808
Gilbert Employment Law, PC.
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
301-608-0880 Telephone
301-608-0881 Facsimile
gary@gelawyer.com